IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G"<br><br>(2) WHYNELL JASON RODRIGUEZ a/k/a "YETI"<br><br>(3) CAMPTON CONWAY WOLFE, a/k/a "POP"<br><br>(4) KAREEM HICKS<br><br>(5) DWIGHT LAQUELLE HALLMAN | DOCKET NO. 3:25cr33-KDB<br><br>**UNDER SEAL**<br><br>**BILL OF INDICTMENT**<br><br>Violations: 21 U.S.C. § 846<br><br>21 U.S.C. § 841(a)(1)<br><br>18 U.S.C. § 922(g)<br><br>18 U.S.C. § 924(c)<br><br>18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base)*

From at least on or about August 1, 2023, to on or about February 1, 2025, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"**

**(2) WHYNELL JASON RODRIGUEZ, a/k/a "YETI," and**

**(3) CAMPTON CONWAY WOLFE, a/k/a "POP,"**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute controlled substances, which violation involved: (i) a mixture and substance containing a detectable amount of cocaine and (ii) a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," both Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Quantity of Cocaine Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, five hundred (500) grams or more of cocaine is attributable to defendants **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G," (2) WHYNELL JASON RODRIGUEZ, a/k/a "YETI,"** and **(3) CAMPTON CONWAY WOLFE, a/k/a "POP,"** as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

## Quantity of Cocaine Base Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, twenty-eight (28) grams or more of cocaine base, commonly called "crack cocaine," is attributable to defendants **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G," (2) WHYNELL JASON RODRIGUEZ, a/k/a "YETI," and (3) CAMPTON CONWAY WOLFE, a/k/a "POP,"** as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

**Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851**

Before defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** committed the offense charged in Count One, he had a final conviction for a serious drug felony, namely, possession with intent to distribute cocaine, in violation of North Carolina General Statute 90-95(A), in case number 16CRS245534 in Mecklenburg County, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count One.

## COUNT TWO
*(Distribution of Cocaine Base)*

On or about August 16, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"**

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
*(Distribution of Cocaine Base)*

On or about September 1, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"**

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Cocaine Base Involved

With respect to defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** the offense charged in Count Three involved twenty-eight (28) grams or more of cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851

Before defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** committed the offense charged in Count Three, he had a final conviction for a serious drug felony, namely, possession with intent to distribute cocaine, in violation of North Carolina General Statute 90-95(A), in case number 16CRS245534 in Mecklenburg County, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Three.

## COUNT FOUR
*(Distribution of Cocaine Base)*

On or about September 14, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"**

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Cocaine Base Involved

With respect to defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** the offense charged in Count Four involved twenty-eight (28) grams or more of cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851

Before defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** committed the offense charged in Count Four, he had a final conviction for a serious drug felony, namely, possession with intent to distribute cocaine, in violation of North Carolina General Statute 90-95(A), in case number 16CRS245534 in Mecklenburg County, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Four.

## COUNT FIVE
*(Distribution of Cocaine Base)*

On or about September 28, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Quantity of Cocaine Base Involved**

With respect to defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** the offense charged in Count Five involved twenty-eight (28) grams or more of cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

**Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851**

Before defendant **(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"** committed the offense charged in Count Five, he had a final conviction for a serious drug felony, namely, possession with intent to distribute cocaine, in violation of North Carolina General Statute 90-95(A), in case number 16CRS245534 in Mecklenburg County, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Five.

## COUNT SIX
*(Distribution of Cocaine Base)*

On or about December 7, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (3) CAMPTON CONWAY WOLFE, a/k/a "POP,"

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
*(Distribution of Cocaine Base)*

On or about January 3, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendants,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G" and**

**(3) CAMPTON CONWAY WOLFE, a/k/a "POP,"**

aiding and abetting one another, did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT EIGHT
*(Distribution of Cocaine)*

On or about March 18, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**(1) MANDELLA QUINSHAWN WOLFE, a/k/a "G,"**

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE
*(Possession With Intent to Distribute Cocaine,)*

On or about March 18, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**(4) KAREEM HICKS,**

did knowingly and intentionally possess with intent to distribute controlled substances, which violation involved: (i) a quantity of a mixture and substance containing a detectable amount of cocaine, \ a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN
*(Possession With Intent to Distribute Cocaine)*

On or about April 4, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (5) DWIGHT LAQUELLE HALLMAN,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN
*(Possession of Firearm by Prohibited Person)*

On or about September 6, 2021, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (5) DWIGHT LAQUELLE HALLMAN,

knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a HS Produkt XD-9 firearm, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE
*(Possession With Intent to Distribute Cocaine)*

On or about September 6, 2021, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (5) DWIGHT LAQUELLE HALLMAN,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about September 6, 2021, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (5) DWIGHT LAQUELLE HALLMAN,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance, as set forth in Count Twelve of this Bill of Indictment and incorporated by reference herein, a violation of Title 21, United States Code, Sections 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOURTEEN
*(Distribution of Cocaine)*

On or about January 9, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (2) WHYNELL JASON RODRIGUEZ, a/k/a "YETI,"

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTEEN
*(Distribution of Cocaine)*

On or about January 29, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### (2) WHYNELL JASON RODRIGUEZ, a/k/a "YETI,"

did knowingly and intentionally distribute a controlled substance, that is, a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Quantity of Cocaine Involved**

With respect to defendant **(1) JASON WHYNELL RODRIGUEZ, a/k/a "YETI,"** the offense charged in Count Fifteen involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

(a) All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

(b) All property used or intended to be used in any manner or part to commit or facilitate such violations;

(c) All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

(a) One HS Produkt XD-9 pistol, and all associated magazines and ammunition seized on or about September 6, 2021.

A TRUE BILL

FOREPERSON

LAWRENCE J. CAMERON
ACTING UNITED STATES ATTORNEY

/s/ BRANDON L. BOYKIN
ASSISTANT UNITED STATES ATTORNEY